## In re MONAGHAN.

### No. 39956.

District Court, E. D. New York.

Aug. 7, 1941.

Caddell & Casey, of New York City, for bankrupt.

Szold & Brandwen, of New York City, for objecting creditor.

ABRUZZO, District Judge.

This is a motion for an order dismissing the petition of the Amalgamated Bank of New York to review the order of the Referee dismissing the objections to the bankrupt's discharge, and sustaining the Referee's order dismissing the specifications of objections.

The specifications of objections to the discharge of the bankrupt set forth that on or about the 16th day of September, 1939, the bankrupt, for the purpose of obtaining money upon credit from the Amalgamated Bank of New York, made a statement in writing which was materially false in that the said written statement did not set forth that the bankrupt was a borrower on a loan at the Grace National Bank; that the bankrupt was an endorser on a loan at the Lawyers Trust Company; that he was a co-maker on a loan at the General Public Loan Corporation; and that he was a co-maker on a loan at the Modern Industrial Bank.

The statement upon which this specification of objections is based was as follows:

"Applicant's Statement

"(All of the following questions must be answered)

"Name in full. A. Edward A. Monaghan

"Residence Address. A. 1962 University Ave., Bronx.

"Business Address. A. E. Fordham Road.

"Are you a borrower or endorser on any other note? A.

"To whom? A.

"What is the amount of your present outstanding debts? A. $50.00

"Is every statement in your own handwriting? A. Yes.

"(Signature) Edward A. Monaghan "Applicant."

(Exhibit 2)

The Referee has found that the specifications of objections were not sustained. His conclusion was reached on the basis of the rule that the Bankruptcy Act requires a false financial statement in order to be a ground of objection to a bankrupt's discharge must be in writing. The bankrupt did not make any representation with respect to liabilities on previous and unpaid notes as a maker or endorser. He made no answer to the questions. The statement made by the bankrupt was not false since he did not make any representations as to the previous borrowings. There can be no assumption that a statement is false because the questions were not answered. The bank did not make the loan based on the answers.

The brief of the creditor bank now urges as a ground for a reversal of the Referee's decision that instead of answering the questions relative to his outstanding loans truthfully, the bankrupt stated that his outstanding debts were about $50. This was untruthful. Unfortunately, this pertinent fact was not a ground set out in the specifications of objections filed by the creditor bank and it may not avail itself of

this ground of objection unless it was contained in the specifications.

The motion by the bankrupt to dismiss the petition to review and to sustain the order of the Referee is granted.

Settle order on notice.